EXHIBIT "A"

BLANK ROME LLP
Attorneys for Diane Davis
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Michael Z. Brownstein
Scott F. Budzenski

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------- x
In re:                                                :
                                                      : Case No. 10-16722 (SCC)
TREVOR P. DAVIS,                                      :
                                                      : Chapter 11 Case
                    Debtor.                           :
----------------------------------------------------- x

**STIPULATION AND ORDER (I) MODIFYING THE AUTOMATIC STAY TO ALLOW UNRESTRICTED CONTINUATION OF THE MATRIMONIAL ACTION, (II) DEEMING MATRIMONIAL CLAIMS NONDISCHARGEABLE DEBTS, AND (III) EXEMPTING MRS. DAVIS FROM COMPLIANCE WITH ANY REQUIREMENT SET FORTH IN THE BAR DATE ORDER**

This stipulation (the "Stipulation") is made by and among the above-captioned debtor and debtor-in-possession (the "Debtor") and Diane Davis, the wife of the Debtor ("Mrs. Davis").[1]

WHEREAS, on December 21, 2010 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtor is an individual who currently manages his affairs and operates his businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, no committee of creditors has been appointed pursuant to section 1102 of the Bankruptcy Code;

---

[1] This Stipulation is intended to benefit Mrs. Davis as well as the children of the Debtor and Mrs. Davis.

WHEREAS, by Order dated March 4, 2011 (the "Bar Date Order") [Docket No. 35], this Court established April 22, 2011 at 5:00 p.m. (EST) as the last date for creditors other than governmental units to file proofs of claim against the Debtor in this case;

WHEREAS, pursuant to the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines filed by the Debtor on December 23, 2010 [Docket No. 9], the deadline to file a complaint objecting to discharge of the debtor is the first date set for hearing on confirmation of a plan (the "Objection to Discharge Notice");

WHEREAS, a date has not been set for a hearing on confirmation of a plan in this case;

WHEREAS, the Debtor and Mrs. Davis have determined that it is more cost effective and practical to exempt Mrs. Davis from (i) the need to file a proof of claim or otherwise comply with any other requirement set forth in the Bar Date Order and (ii) the need to file a complaint objecting to discharge of the debtor in accordance with the Objection to Discharge Notice;

WHEREAS, the Debtor and Mrs. Davis are parties to a matrimonial proceeding which was initially commenced by the Debtor seeking a decree of absolute divorce (the "Matrimonial Action") and is currently proceeding before the Honorable Laura E. Drager in the Supreme Court of the State of New York, County of New York (the "Matrimonial Court") under Index No. 309415/09;

WHEREAS, Mrs. Davis is a creditor in the Debtor's case in connection with, among other things, a pendente lite support order issued by the Matrimonial Court on December 9, 2009 (the "Support Order");

WHEREAS, pursuant to the Support Order, the Debtor is directed to pay to Mrs. Davis or on her behalf the following: (a) a monthly amount as unallocated tax free support and (b) carrying charges on the New York apartment, mortgage, maintenance, utilities, insurance

2

premiums for medical coverage, homeowners and car insurance, expenses for the farm properties in Pawling, New York, including wages of a domestic staff in Pawling and a housekeeper for the New York apartment as well as to pay expenses for the benefit of the parties four children (collectively, the "Support Payments");

WHEREAS, the parties to the Matrimonial Action have continued proceedings since the Petition Date; however, during a recent Conference in the Matrimonial Action on March 8, 2011, the Matrimonial Court suggested that it had concerns regarding the automatic stay due to the Debtor's status as an individual chapter 11 debtor;

WHEREAS, the Matrimonial Court has not yet made a determination with respect to equitable distribution, which is contested, and the parties are directed to appear for Conference in June, 2011 unless this Court modifies the stay at which time the Matrimonial Court will expedite the Matrimonial Action which has been pending since late 2008;

WHEREAS, neither counsel for the Debtor nor counsel for Mrs. Davis believe that the stay is applicable to the Matrimonial Action, at least with respect to the actions each have taken to date; however, negotiations are ongoing with respect to equitable distribution, among other things, and the parties believe that the automatic stay may become applicable to the extent it is necessary to litigate and/or settle the equitable distribution issue;

WHEREAS, in addition to the Support Payments, which are interim in nature, Mrs. Davis may be entitled to certain other permanent or interim awards or settlements in connection with the Matrimonial Action, including but not limited to domestic support obligations, alimony, maintenance, support, property settlements, an award of counsel and expert fees, equitable distribution pursuant to the Domestic Relations Law, or any other term used to describe an award or settlement benefitting Mrs. Davis in the Matrimonial Action, all as determined by the Matrimonial Court (collectively, the "Matrimonial Claims").

3

NOW, THEREFORE, in consideration of the foregoing, the parties STIPULATE and AGREE as follows on this 24 day of March, 2011:

1. The automatic stay pursuant to section 362 of the Bankruptcy Code is modified in all respects to allow unrestricted continuation of the Matrimonial Action and to permit the Matrimonial Court to issue rulings on all matrimonial issues, including but not limited to the Matrimonial Claims, but leaving enforcement of any judgments to this Court so long as this case is pending.

2. The Support Payments and any and all Matrimonial Claims as determined by the Matrimonial Court are deemed nondischargeable debts notwithstanding whether (i) such debts are enumerated as exceptions to discharge in section 523 of the Bankruptcy Code and (ii) Mrs. Davis files a complaint objecting to discharge of the Debtor in accordance with the Objection to Discharge Notice.

3. The Objection to Discharge Notice is deemed inapplicable to Mrs. Davis and Mrs. Davis is exempted from compliance with any requirement set forth in the Objection to Discharge Notice, including but not limited to filing a complaint objecting to discharge of the Debtor or having a debt declared nondischargeable.

4. The Bar Date Order is deemed inapplicable to Mrs. Davis and Mrs. Davis is exempted from compliance with any requirement set forth in the Bar Date Order, including but not limited to filing proofs of claim; provided, however, that Mrs. Davis shall file a proof of claim no later than thirty (30) days after (i) any settlement reached by the parties in the Matrimonial Action regarding the Matrimonial Claims is approved by both the Matrimonial Court and this Court or (ii) any determination of the Matrimonial Court regarding the Matrimonial Claims in the event that a settlement is not reached by the parties in the Matrimonial Action. Nothing in this Stipulation shall be construed to limit Mrs. Davis' rights in any way,

4

including but not limited to Mrs. Davis' right to enforce determinations of the Matrimonial Court in this Court so long as this case is still pending.

5. This Stipulation shall bind and inure to the benefit of the parties hereto, their successors and assigns, their affiliates, estates and creditors, any purchaser, and any agent or authorized representative of any of the foregoing appointed in any of these cases, including a chapter 11 or chapter 7 trustee or any other court appointed fiduciary.

6. This Stipulation may be executed in person or by facsimile and in any number of counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed and delivered this Stipulation as of the date hereof.

Dated: March 24, 2011

        BLANK ROME LLP
        Counsel to Diane Davis

        By: _____
        Michael Z. Brownstein
        Scott F. Budzenski
        The Chrysler Building
        405 Lexington Avenue
        New York, New York 10174
        (212) 885-5000

        TARTER KRINSKY & DROGIN LLP
        Counsel to Trevor P. Davis

        By: _____
        Scott S. Markowitz
        1350 Broadway
        11th Floor
        New York, New York 10018

**THIS STIPULATION IS "SO ORDERED"
THIS ___ DAY OF MARCH, 2011**

_____
**HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE**

130664.00601/7000010v.9

6